477 F.3d 765
 STARBUCKS CORPORATION, a Washington corporation and Starbucks U.S. Brands, L.L.C., a Nevada limited liability company, Plaintiffs-Counter-Defendants-Appellants,
v.
WOLFE'S BOROUGH COFFEE, INC., a New Hampshire corporation, d/b/a Black Bear Micro Roastery, Defendant-Counterclaimant-Appellee.
Docket No. 06-0435-CV.
 United States Court of Appeals, Second Circuit.
 Argued January 25, 2007.
 Decided February 15, 2007.
 
 Mark N. Mutterperl, Fulbright & Jaworski L.L.P., New York, NY, John C. Rawls (on the brief), Sarah Silbert (on the brief), Fulbright & Jaworski L.L.P., Los Angeles, CA, for Plaintiffs-Appellants.
 John-Mark Turner, Christopher Cole (on the brief), Sheehan, Phinney, Bass + Green, P.A., Manchester, N.H., for Defendant-Appellee.
 Before KEARSE and KATZMANN, Circuit Judges, and TRAGER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs-counter-defendants-appellants Starbucks Corporation and Starbucks U.S. Brands, L.L.C. (collectively, "Starbucks") brought suit in the United States District Court for the Southern District of New York (Swain, J.) against defendant-counterclaimant-appellee Wolfe's Borough Coffee, Inc. ("Wolfe's"). Starbucks alleged that Wolfe's current sale of coffee under the name "Mister Charbucks" or "Mr. Charbucks" infringes and dilutes the "Starbucks" trademark for coffee. Following a bench trial, the District Court concluded, in an Order filed December 23, 2005, that Starbucks had failed to carry its burden of proving trademark infringement and unfair competition under the Lanham Act, common law unfair competition, or trademark dilution under either the Federal Trademark Dilution Act ("FTDA"), 15 U.S.C. §§ 1125(c), 1127, or New York Gen. Bus. Law § 360-1. Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 2005 WL 3527126 (S.D.N.Y. Dec.23, 2005). From the ensuing judgment, Starbucks appeals.
 
 
 2
 Subsequent to the district court's order, Congress amended the FTDA in response to the Supreme Court's decision in Moseley v. V Secret Catalogue, Inc., 537 U.S. 418, 433, 123 S.Ct. 1115, 155 L.Ed.2d 1 (2003), which had construed the FTDA to require a showing of actual dilution, as opposed to a likelihood of dilution. The FTDA, as amended effective October 6, 2006, entitles the owner of a famous, distinctive mark to an injunction against the user of a mark that is "likely to cause dilution" of the famous mark. 15 U.S.C. § 1125(c)(1) (hereinafter, the "amended statute"). The amended statute applies to this case to the extent that Starbucks has sought injunctive relief on the issue of dilution. See Havana Club Holding, S.A. v. Galleon S.A., 203 F.3d 116, 129 (2d Cir.2000) (applying intervening statute where plaintiff sought injunctive relief because "when an `intervening statute authorizes or affects the propriety of prospective relief, application of the new provision is not retroactive.'" (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 273, 114 S.Ct. 1483 (1994))); Sporty's Farm L.L.C. v. Sportsman's Market, Inc., 202 F.3d 489, 502 (2d Cir.2000)(finding no retroactivity problem where injunction would do no more than avoid continuing harm of cybersquatting); see also Am. Steel Foundries v. Tri-City Cent. Trades Council, 257 U.S. 184, 201, 42 S.Ct. 72, 66 L.Ed. 189 (1921) ("[R]elief by injunction operates in futuro and the right to it must be determined as of the time of the hearing.").
 
 
 3
 "Following a bench trial, . . . . we review de novo the district court's conclusions of law and its resolution of mixed questions of law and fact." Design Strategy, Inc. v. Davis, 469 F.3d 284, 300 (2d Cir.2006) (quoting Phansalkar v. Andersen Weinroth & Co., L.P., 344 F.3d 184, 199 (2d Cir.2003)). Here, the district court applied the pre-October 6, 2006 version of the FTDA, as construed by Moseley, and determined that Starbucks had failed to prove actual dilution. Although the district court also considered whether Starbucks had shown a likelihood of dilution under New York Gen. Bus. Law § 360-1, it is not clear that that statute is coextensive with the amended statute. In addition, the district court's treatment of the New York statute does not permit a review of whether the analysis conforms with the amended statute. Accordingly, the judgment is vacated and remanded for further proceedings consistent with this opinion and the FTDA, as amended.
 
 
 4
 We express no opinion as to the merits of Starbucks's remaining arguments.
 
 Conclusion
 
 5
 For the foregoing reasons, the judgment of the district court is hereby VACATED. We remand for further proceedings consistent with this opinion. This panel retains jurisdiction to decide the issues on appeal after the disposition of the remand.
 
 
 
 Notes:
 
 
 *
 The Honorable David G. Trager, District Court Judge, Eastern District of New York, sitting by designation